Filed 6/30/26  P. v. McMillan CA4/1

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085458 |
| Plaintiff and Respondent, | (Super. Ct. No. BAF1600043) |
| v. | |
| GIOVANNI DEVON MCMILLAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Riverside County, David A. Gunn, Judge.  Affirmed.

William Paul Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Robin Urbanski, Seth M. Friedman, Juliet W. Park, Deputy Attorneys General, for Plaintiff and Respondent.

Giovanni Devon McMillan appeals the summary denial of his petition for resentencing under Penal Code section 1172.6.[1]  The trial court

---

[1]    Undesignated statutory references are to the Penal Code.

determined he was ineligible for *retroactive* relief under section 1172.6 because he was convicted of murder *after* Senate Bill No. 1437 became effective. McMillan contends the date of his conviction does not preclude relief. We disagree and affirm.[2]

## I.    BACKGROUND[3]

A.    *The Charges, Conviction, Sentence, and Appeal*

In 2016, McMillan was charged with murder (§ 187, subd. (a)) committed during the course of a robbery (§§ 211, 190.2, subd. (a)(17)). The operative charging document was filed in 2020, which included an additional enhancement, alleging he personally and intentionally discharged a firearm and proximately caused great bodily injury and death to another person (§§ 12022.53, subd. (d), 1192.7, subd. (c)(8)).

In March 2020, a jury convicted McMillan of murder (§ 187, subd. (a)) and found true special circumstance allegations that while doing so he was engaged in the commission of a robbery (§ 190.2, subd. (a)(17)(A)) and also that he personally and intentionally discharged a firearm, proximately

---

[2]    We deny respondent's request that this court take judicial notice of appellant's original trial proceedings in *People v. McMillan* (Nov. 18, 2021, D078064) [nonpub. opn.], which consist of five volumes of the clerk's transcript and two volumes of the reporter's transcript. Respondent's motion fails to adequately explain why the entire record of the original proceedings is relevant to the dispositive issues in this appeal. (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 688, fn. 10 [an appellate court can decline to take judicial notice of matters that are not relevant to the dispositive issues on appeal].)

[3]    We take judicial notice of our prior opinion in *People v. McMillan* (Sep. 30, 2024, No. D083221) [nonpub. opn.] (*McMillan II*) and rely on its procedural history only. (See Evid. Code, § 452, subd. (a), 459, subd. (c) [an appellate court on its own motion may take judicial notice of the decisional law of any state of the United States].)

2

causing great bodily injury or death to another person who was not an accomplice (§§ 12022.53, subd. (d), 1192.7, subd. (c)(8)).  The trial court sentenced him to life in prison without the possibility of parole and imposed a $10,000 parole revocation restitution fine under section 1202.45, subdivision (c), but suspended it "unless parole is revoked."  On direct appeal, we struck the revocation restitution fine and affirmed the judgment in *People v. McMillan* (Nov. 18, 2021, D078064) [nonpub. opn.] (*McMillan I*).

B.     *Section 1172.6 Proceedings*

In 2023, McMillan petitioned for resentencing under section 1172.6.  At a status conference, the trial court considered McMillan's petition and summarily denied it, without receiving any briefing, and without considering the record of conviction to determine if it refuted McMillan's allegations.  On appeal, in *McMillan II*, we held the trial court failed to adequately conduct the proceedings required by section 1172.6, subdivision (c), so we reversed and remanded the matter for the trial court to do so.

Following our directions, in December 2024, the trial court conducted a hearing on McMillan's petition.  This time, the court reviewed the parties' briefs and the record of conviction, including the jury instructions and jury verdict forms.  McMillan's counsel initially requested a continuance, but when the court asked for his preferred date to reconvene, he responded, "Well very candidly, if . . . the court was willing to take a look at the fact that [McMillan] was convicted and sentenced in 2020, which would be after the enactment of [the] statute, he would not qualify for 1172.6 relief.  And I would not object if the court were to rule today and deny the petition on that basis, but I'll submit it if the court wants to."

The trial court proceeded to rule, "because [McMillan] was . . . tried and convicted in 2020, he is not eligible for the relief."  Even if he was subject to

3

the new law, the court explained, the jury instructions and jury verdict forms indicate he is ineligible for relief. Accordingly, the court denied his petition.

## II.    DISCUSSION

McMillan now contends the date of his conviction does not preclude him from establishing a prima facie case for relief, thus the court erred in denying his petition at the prima facie stage. We reject his contention.

A.    *Legal Principles and Standard of Review*

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437. (Stats. 2018, ch. 1015; *People v. Medrano* (2024) 98 Cal.App.5th 1254, 1260.) It narrowed the scope of murder liability by making changes to sections 189 and 188.[4] (*Curiel, supra*, 15 Cal.5th at pp. 448–449.) Additionally, it added former section 1170.95, now renumbered 1172.6, which "created a procedural mechanism for those convicted of murder under prior law to seek retroactive relief." (*People v. Wilson* (2023) 14 Cal.5th 839, 869 (*Wilson*).)[5]

The procedure "begins with the filing of a petition containing a declaration that all requirements for eligibility are met ([§ 1172.6], subd. (b)(1)(A)), including that '[t]he petitioner could not presently be convicted of

---

[4]    "With certain exceptions, [Senate Bill 1437] narrowed the application of the felony-murder rule by adding section 189, subdivision (e) to the Penal Code" and "imposed a new requirement that, except in cases of felony murder, 'a principal in a crime shall act with malice aforethought' to be convicted of murder. (§ 188, subd. (a)(3).)" (*People v. Curiel* (2023) 15 Cal.5th 433, 448–449 (*Curiel*).)

[5]    When the conviction is not final, challenges on direct appeal are expressly authorized: "'A person convicted of murder, attempted murder, or manslaughter whose conviction is not final may challenge on direct appeal the validity of that conviction based on the changes made to Sections 188 and 189 by Senate Bill 1437.' (§ 1172.6, subd. (g); see Stats. 2021, ch. 551, § 1.)" (*Wilson, supra*, 14 Cal.5th at p. 869.)

4

murder or attempted murder because of changes to [Penal Code] Section 188 or 189 made effective January 1, 2019,' the effective date of Senate Bill 1437 (§ 1172.6, subd. (a)(3))."[6] (*People v. Strong* (2022) 13 Cal.5th 698, 708.) "After the parties have had an opportunity to submit briefs, the trial court must hold a hearing to determine whether the petitioner has made a prima facie case for relief." (*People v. Reyes* (2023) 97 Cal.App.5th 292, 297 (*Reyes*).) In determining whether a prima facie case for relief has been made, the court can rely on the record of conviction. (*People v. Hickman* (2025) 110 Cal.App.5th 1262, 1269, fn. 4.) "[I]f the record contains facts refuting the allegations made in the petition, the court may deny the petition without issuing an order to show cause." (*Reyes*, at p. 298.)

If the petition presents a prima facie showing of entitlement to relief, the court issues an order to show cause. (§ 1172.6, subd. (c).) The court then "hold[s] a hearing to determine whether to vacate the murder . . . conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the

---

[6] "In relevant part, section 1172.6, subdivision (a) provides that a 'person convicted of felony murder . . . may file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts' if three conditions apply. First, '[a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder.' (§ 1172.6, subd. (a)(1).) Second, '[t]he petitioner was convicted of murder.' (§ 1172.6, subd. (a)(2).) Third, '[t]he petitioner could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019.' (§ 1172.6, subd. (a)(3).)" (*People v. Whipple* (2025) 110 Cal.App.5th 1177, 1180 review granted July 16, 2025, S291312 (*Whipple*).)

initial sentence." (§ 1172.6, subd. (d)(1).) The bar for establishing a prima facie claim for relief is very low, and "[i]n reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 972.)

B.     *McMillan Is Ineligible for Relief Because Senate Bill 1437 Was in Effect At the Time of His Conviction*

McMillan contends the trial court erred because the date of his conviction does not foreclose section 1172.6 eligibility at the prima facie stage. We disagree.

A court may appropriately deny a petition at the prima facie stage if the "petitioner is ineligible for relief as a matter of law." (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.) McMillan is ineligible for relief as a matter of law because the Legislature created the resentencing procedure "for defendants who had previously been convicted of murder under prior law." (*People v. Lopez* (2026) 19 Cal.5th 639, 648.) It was not intended to benefit those, like McMillan, convicted under current law. (*Reyes, supra*, 97 Cal.App.5th at pp. 298–299.) Courts of Appeal have accordingly affirmed denials of section 1172.6 petitions in matters where the defendant was convicted by plea or trial after Senate Bill 1437's changes took effect. (See *Reyes*, at pp. 298–299 [2021]; *People v. Gallegos* (2024) 105 Cal.App.5th 434, 443 (*Gallegos*); *People v. Lezama* (2024) 101 Cal.App.5th 583, 586 (*Lezama*); *People v. Hickman* (2025) 110 Cal.App.5th 1262, 1270 (*Hickman*); *Whipple, supra*, 110 Cal.App.5th at p. 1182.) Thus, it is well-established that section 1172.6 "does not apply to defendants who—like appellant in this case—were convicted under the current law." (*Reyes*, at p. 296.)

6

In general, a defendant convicted of murder under *current law* cannot make a prima facie showing of entitlement to resentencing. (See *Hickman, supra*, 110 Cal.App.5th at p. 1269, fn. 4.) For McMillan, the record of conviction negates the allegation in the petition that he satisfies the third statutory requirement, section 1172.6, subdivision (a)(3). (See *id.* at p. 1269; *Reyes, supra*, 97 Cal.App.5th at pp. 296, 298.) Subdivision (a)(3) is satisfied only if the defendant *could not have been* convicted of murder had the amendments to sections 188 and 189 existed at the time of the defendant's conviction. (See *People v. Lee* (2023) 95 Cal.App.5th 1164, 1185.) Although McMillan alleged in his petition that he satisfied subdivision (a)(3), the record of conviction, specifically here the date of McMillan's conviction in 2020, conclusively establishes that he *could have been* convicted of murder when the amendments existed because he *was*.

While McMillan underscores several facts, including that he was initially charged with murder in 2016, with an amended information filed in 2020, and he did not enter a negotiated disposition, we are unpersuaded those facts are meaningful to our disposition. Like McMillan, the defendants in *Gallegos*, *Lezama*, and *Hickman* were originally charged with murder before Senate Bill 1437 became effective and their charging documents were amended thereafter. (*Gallegos, supra*, 105 Cal.App.5th at p. 443; *Lezama, supra*, 101 Cal.App.5th at p. 586; *Hickman, supra*, 110 Cal.App.5th at p. 1270.) For all three decisions, the Court of Appeal affirmed the summary denial of the petition at the prima facie stage because the defendant was convicted after the effective date of the bill. (*Gallegos*, at p. 445; *Lezama*, at p. 587; *Hickman*, at p. 1271.) While those cases involved negotiated dispositions, that distinction is not meaningful here. *Whipple* did not involve a negotiated disposition. (*Whipple, supra*, 110 Cal.App.5th at p. 1179.)

7

There, the Fourth District Court of Appeal affirmed the denial of the petition, citing *Reyes*, *Lezama*, and *Gallegos* and reasoning the defendant "does not show she satisfies the third requirement of section 1172.6 . . . because she was convicted after Senate Bill 1437's changes took effect and her conviction is now final." (*Whipple*, at p. 1182.) Regardless of whether the conviction is by plea or trial, defendants, like McMillan, have received the benefits of Senate Bill 1437 because they were convicted at a time when the law precluded the prosecution from pursuing a murder conviction through a theory invalidated by the bill.

Because McMillan cannot show he "could not presently be convicted of murder . . . because of changes to [s]ection 188 or 189 made effective January 1, 2019" (§ 1172.6, subd. (a)(3)), "he is ineligible for resentencing as a matter of law." (*Gallegos*, *supra*, 105 Cal.App.5th at p. 443.) Thus, he cannot make a prima facie showing of entitlement to relief.[7] Accordingly, the trial court did not err in summarily denying the petition.

---

[7] Because we conclude McMillan fails to satisfy section 1172.6, subdivision (a)(3), there is no need to reach McMillan's argument that he satisfies subdivision (a)(1). For the same reason, we do not address the trial court's alternative ground for denial.

### III.   DISPOSITION

The order denying the petition for resentencing is affirmed.

O'ROURKE, Acting P. J.

WE CONCUR:

DO, J.

HUFFMAN, J.[*]

---

[*]   Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.